UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANAK FOUNDATION TRUST DATED MAY 27, 2011,<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK AMERICAN INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 24-cv-01352-DMR<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 87 |

Defendants Landmark American Insurance Company, Ironshore Specialty Insurance Company, Steadfast Insurance Company, and Aspen Specialty Insurance Company (collectively, "Defendants") move to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). [Docket No. 87 (Mot.).] Plaintiff Nanak Foundation Trust Dated May 27, 2011 filed an opposition (Docket No. 95 (Opp'n)), and Defendants filed a reply (Docket No. 100 (Reply)).

Pursuant to Civil Local Rule 7-1(b), the court found this matter suitable for disposition without oral argument and vacated the December 11, 2025 hearing. [Docket No. 102.] Having considered the parties' arguments, the relevant legal authority, and the record in this case, the court denies Defendants' motion.

## I.    RELEVANT FACTUAL BACKGROUND

Plaintiff initiated this action on August 14, 2023 in the Superior Court of California, County of Alameda. [Docket No. 1-2.] Defendants were served on February 8 and 9, 2024 and removed the action to this court on March 6, 2024. [Docket Nos. 1, 1-2, 1-5, 1-6, 1-7.]

On August 25, 2025, Horner Law Group, P.C. ("HLG") moved to withdraw as counsel for Plaintiff, on grounds that (1) "[t]he attorney-client relationship . . . , as well as the trust and confidence between both [HLG and Plaintiff] ha[d] fractured beyond repair amounting to HLG's

inability to effectively litigate this case"; (2) "[o]ther conduct by [Plaintiff] . . . render[ed] it unreasonably difficult for [HLG] to carry out the representation effectively;" and (3) "[t]here [wa]s a lack effective communication between HLG . . . and [Plaintiff.]" [Docket No. 65-1 ¶ 2; *see* Docket No. 65 at 2.] HLG served a copy of the motion to withdraw on Plaintiff via U.S. mail and email. [Dkt. No. 65-1 ¶ 4 & ECF p.4.]

On August 28, 2025, the court ordered that "Plaintiff's trustees, Gurcharn Virk and Dhian Virk [together, the 'Trustees'], must appear personally at the October 9, 2025 hearing on the motion." [Docket No. 67.] The same day, HLG served a copy of the court's order on the Trustees via email and UPS overnight delivery. [Docket No. 68.]

Neither Trustee appeared at the October 9 hearing. [Docket No. 86.] During the hearing, HLG confirmed it had been in contact with the Trustees and had made it clear that the Trustees' in-person appearance was required. *Id.* HLG further represented that the Trustees informed HLG that they did not intend to appear at the hearing despite the court's order, and that they requested that HLG ask the court for an additional 60 days to find new counsel. *Id.* The court denied that request and granted HLG's motion to withdraw on the condition that papers continue to be served on HLG for forwarding purposes until November 10, 2025. *Id.*

On October 10, 2025, the court ordered the "Trustees to show cause in writing and explain their intentional failure to appear in violation of a court order" by October 24, 2025. [Docket No. 84 (OSC).] Gurcharn Virk responded to the OSC on October 23, 2025. [Docket No. 88.] Among other things, Ms. Virk requested an additional 90 days to retain new counsel. *Id.* at 3.

Defendants filed the instant motion on October 17, 2025. Defendants seek dismissal of the entire action with prejudice on grounds that (1) Plaintiff's violations of multiple court orders and federal and local rules has unreasonably delayed the case and amounted to a failure to prosecute, (2) Plaintiff may not appear *pro se*. Mot. at 7–12.

On October 29, 2025, Peter Hadiaris entered an appearance on Plaintiff's behalf.[1] [Docket

---

[1] Two days after Mr. Hadiaris filed his notice of appearance, Defendants filed objections to that appearance. [Docket No. 91.] The court does not consider those objections at this time, as they are irrelevant to the analysis of the instant motion.

2

No. 90.] Plaintiff, represented by counsel, filed its opposition to Defendants' motion.

## II.   LEGAL STANDARD

Before dismissing a case for failure to prosecute, the court must examine the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citations omitted). "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citation omitted). Thus, dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

## III.   DISCUSSION

Dismissal is not warranted under the circumstances.

The first two factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—"relate[] to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (cleaned up). Plaintiff's retention of counsel, even if belated, indicates its intent to prosecute this action, and Plaintiff can reasonably be expected to prosecute its case efficiently and expeditiously. These factors therefore weigh against dismissal.

The third factor, "the risk of prejudice to the defendants," also counsels against dismissal. "In determining whether a defendant has been prejudiced, [courts] examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants cite a litany of Plaintiff's alleged violations of the Federal Rules of Civil Procedure and the court's Civil Local Rules, as well as Plaintiff's delay in serving the complaint and failure to respond to discovery. Mot. at 2–6, 9. The court finds that this conduct, while inappropriate, has not been so prejudicial to Defendants so as to warrant dismissal without prejudice. Trial currently is scheduled for June 2026,

1   more than seven months from now.  Accordingly, this factor weighs against dismissal.

2   　　　　The fourth factor, "the public policy favoring disposition of cases on their merits," clearly
3   weighs against dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public
4   policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

5   　　　　The last factor, "the availability of less drastic alternatives," also clearly weighs against
6   dismissal.  "[L]ess drastic alternatives include allowing further amended complaints, allowing
7   additional time, or insisting that appellant associate experienced counsel."  *Nevijel v. N. Coast Life*
8   *Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  "Though there are a wide variety of sanctions short of
9   dismissal available, the district court need not exhaust them all before finally dismissing a case."
10  *Id.*

11  　　　　Plaintiff has retained counsel as ordered, even if belatedly so.  Moreover, the court has not
12  previously imposed, or even been asked to impose, less drastic sanctions.  *See Govaerts v. Santa*
13  *Clara Cnty. Dep't of Child Support Servs.*, No. C-08-00125 RMW, 2009 WL 890881, at *5 (N.D.
14  Cal. Mar. 31, 2009) ("Because the court has yet to explore any 'less drastic' measures for
15  shepherding this case along, the court denies [Defendants'] motion to dismiss pursuant to Rule 41(b)
16  as premature.").

17  **IV.  CONCLUSION**

18  　　　　As each of the *Henderson* factors favor non-dismissal, Defendants' motion is denied.

19  　　　　**IT IS SO ORDERED.**

20  Dated: December 8, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　Donna M. Ryu
　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Magistrate Judge

4